UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>JAMES EDWARD STUCKY,<br><br>                  Defendant. | Criminal No. 24-71 (JRT/ECW)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

Lauren Olivia Roso, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Rachael A. Goldberger, **RACHAEL GOLDBERGER P.A.**, 333 South Seventh Street, Suite 2850, Minneapolis, MN 55402, for Defendant.

Defendant James Stucky is charged with possession with intent to distribute methamphetamine, fentanyl, and cocaine and associated firearm charges. He seeks to suppress, among other things, the physical evidence seized from two locations pursuant to search warrants, arguing the warrants lacked probable cause. Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation ("R&R") recommending that the Court deny Stucky's motions to suppress. Because the warrants were based on probable cause and additionally, the good faith exception applies, and because Stucky appears to have abandoned his remaining suppression motions, the evidence need not be suppressed. As such, the Court will overrule Stucky's objections, adopt the R&R, and deny Stucky's motions to suppress.

## BACKGROUND

The R&R comprehensively explains the facts giving rise to this case, and neither party objects, so the Court will adopt the R&R's facts in full. (*See* R. & R. at 2–4, July 15, 2024, Docket No. 45.) The Court will include only the factual and procedural history necessary to rule on this motion matters pending before it.

Officer Jeremiah Jessen applied for search warrants on November 29, 2023 to search two properties: the Acker Street Property and Charles Avenue Property. (Gov't Resp., Exs. 1 ("Acker Warrant")–2 ("Charles Warrant"), June 14, 2024, Docket No. 44.) The search warrants sought controlled substances and associated paraphernalia. (Acker Warrant at 3; Charles Warrant at 2.)

Prior to the searches in question, Jessen had investigated Stucky for three months due to suspected drug activity based on information received from a Confidential Reliable Informant ("CRI"). (Acker Warrant at 4.) Through the investigation, Jessen observed Stucky coming and going from the Acker Street property in multiple vehicles. (Acker Warrant at 6.) Stucky's phone number from the sex offender registry connected him to a business which listed the Acker Street property as its address. (*Id.*) In addition, Jessen frequently observed Stucky's car located at the Charles Avenue property overnight and determined the Charles Avenue property was Stucky's primary residence. (Charles Warrant at 6–8.) As part of the warrant applications, Jessen explained that those involved in the drug trade frequently drive multiple vehicles, registered to themselves

and others, and divide their contraband and profits between multiple locations to avoid detection. (Charles Warrant at 6, 8.)

The search warrant application listed other specific evidence as well, including controlled buys and the results of an ion swab. Jessen had arranged a controlled buy with a CRI two months before applying for the warrants and another controlled buy 72 hours before submitting the warrant application. (Acker Warrant at 5, 8.) After the first controlled buy, investigators observed Stucky return to the Charles Avenue property. (*Id.* at 5.) During the second controlled buy, officers watched Stucky depart from and return to the Acker Street property. (*Id.* at 8.) On the morning that Jessen applied for the search warrants, he and a colleague tested the exterior door handle of the Charles Avenue property through an ion swab, which tested positive for cocaine. (Charles Warrant at 8.)

Stucky was subsequently charged with possession with intent to distribute methamphetamine, fentanyl, and cocaine as well as associated firearm charges. (Indictment at 1–4, Mar. 13, 2024, Docket No. 1.)

Stucky filed several motions to suppress physical evidence, statements, and information from electronic surveillance. (Mot. to Suppress Evidence, May 13, 2024, Docket No. 29; Mot. to Suppress Statements, May 13, 2024, Docket No. 30; Mot. to Suppress Electronic Surveillance, May 13, 2024, Docket No. 31.) Stucky also filed a motion to suppress physical evidence obtained from the Acker Street and Charles Avenue properties. (2nd Mot. to Suppress, June 5, 2024, Docket No. 42.) Magistrate Judge Wright

issued an R&R recommending that the Court deny all of Stucky's motions to suppress. (R. & R. at 24–25.) Because Stucky had apparently abandoned his first three motions to suppress, the Magistrate Judge recommended denying those motions as moot.[1] (*See id.*; Order, May 31, 2023, Docket No. 40.) The Magistrate Judge then determined that the search warrants were based on probable cause and, in any event the good faith exception applied, so the physical evidence from the Acker Street and Charles Avenue properties need not be suppressed. (R. & R. at 6–24.) Stucky timely objected to the R&R and the government responded to those objections. (Def.'s Obj., July 23, 2024, Docket No. 46; Gov't's Resp., Aug. 12, 2024, Docket No. 47.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews *de novo* a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections

---

[1] The Court agrees that Stucky appears to have abandoned his first three motions to suppress and will accordingly adopt the R&R's recommendation to deny them as moot.

which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

The Court emphasizes that only specific objections to the R&R constitute "proper" objections entitled to de novo review. *Mayer*, 2008 WL 4527774, at *2. Stucky's objections constitute a formulaic recitation of the local rules directing the Court to his prior briefing. Accordingly, the appropriate standard of review is for clear error. *See Montgomery*, 98 F. Supp. 3d at 1017.

## II. DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE

Stucky broadly disputes the probable cause determination for both search warrants, arguing that neither sufficiently ties the properties to any illicit conduct. He also alleges that the Acker Street warrant was overbroad and lacked particularity about the vehicles on the property.

### A. Probable Cause

Stucky argues that both search warrants lacked probable cause and that, consequently, the physical evidence obtained pursuant to those warrants must be suppressed. His argument against probable cause stems from his perceived lack of a nexus between the charged criminal activities and the properties searched. Stucky challenges the Acker Street warrant on a general lack of evidence theory, and he challenges the Charles Avenue warrant based on its failure to disclose the reliability of the ion swab and the staleness of the first CRI controlled buy.

A search warrant must be based upon a finding that there is probable cause to believe that evidence of a crime will be found in the place searched. *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007). In determining whether a nexus exists between the contraband and the property to be searched, courts consider the "nature of the crime and the reasonable, logical likelihood of finding useful evidence." *United States v. Johnson*, 848 F.3d 872, 878 (8th Cir. 2017) (quotation omitted). Probable cause is determined by the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 230–31, 233 (1983). Further, the issuing judge can draw reasonable inferences about where the allegedly illegal material is being kept. *Id.* at 240.

A litany of evidence within the search warrant application connected the Acker Street property to the suspected drug activity. Contrary to Stucky's contention, the confidential buy is not the only evidence connecting the Acker Street property to the alleged criminal activity. Instead, the warrant application included information about Stucky coming and going from the Acker Street property in multiple vehicles, his business address listing that location, a phone number from the sex offender registry that tied him to that address, the presence of many vehicles at the Acker Street property, and the controlled buy where Stucky departed from and returned to the Acker Street property. Plus, Jessen further supported this connection by explaining that people in the drug trade commonly use multiple vehicles, including those not registered to them, and that multiple vehicles were observed on the Acker Street property. Given the evidence connecting the

Acker Street property to the suspected drug activity, it was not clearly erroneous for the Magistrate Judge to conclude that probable cause existed for the Acker Street warrant.

The evidence connecting the Charles Avenue property to the suspected drug activity — the results of the ion swab and the first controlled buy — properly supported a finding of probable cause. Stucky's position would require Jessen to have disclosed the reliability of the ion swab test in the warrant application. However, even without an explanation of an ion swab's reliability, courts recognize their utility in a probable cause finding. *United States v. Branch*, No. 22-178, 2023 WL 3170435, at *9–*10 (D. Minn. May 1, 2023); *United States v. Carter*, No. 20-035, 2020 WL 6136480, at *9–*10 (D. Minn. Sept. 18. 2020). As many courts have done before, the Magistrate Judge did not clearly err when she found the ion swab supported a probable cause finding.

Stucky next claims that because the controlled buy tying him to the Charles Avenue property occurred two months before the warrant application, the evidence was stale. But the contextual evidence suggests that the drug conduct was ongoing. *United States v. Ortiz-Cervantes*, 868 F.3d 695, 700 (8th Cir. 2017). Because Stucky participated in another controlled buy just a few days before the warrant application, and the ion swab identified cocaine the day that the warrant application was submitted, the Magistrate Judge did not clearly err when she concluded that evidence of ongoing drug activity remedied any staleness concerns.

### B. Overbreadth and Particularity

In addition to his probable cause challenge, Stucky also argues that the Acker Street warrant lacked particularity with respect to the vehicles. Search warrants must describe the items to be seized with sufficient particularity such that the officers executing the warrant practically know what to search and what to seize. *United States v. Frederickson*, 846 F.2d 517, 519 (8th Cir. 1988); *United States v. Fiorito*, 640 F.3d 338, 346 (8th Cir. 2011). The particularity requirement is reviewed under the totality of the circumstances. *Fiorito*, 640 F.3d at 346–47.

The warrant described the Acker Street property as "a secure lot with two buildings and multiple vehicles on site." (Acker Warrant at 3.) The warrant described the officers' observation of Stucky's use of multiple cars and limited the warrant to cars located on the property. The searching officers would have been able to practically determine which vehicles could be searched and for what, so the description in the Acker Street warrant was sufficiently particular. Accordingly, the Magistrate Judge did not clearly err in her determination that the totality of the circumstances presented sufficient particularity regarding the cars searched under the Acker Street warrant.

### C. *Leon* Good Faith Exception

Notwithstanding the probable cause for the warrants, the evidence obtained also avoids suppression under the good faith exception. Evidence obtained in executing a subsequently invalidated search warrant will not be excluded if the officer acted in good faith in relying on the warrant and the reliance was objectively reasonable. *United States*

*v. Leon*, 468 U.S. 897, 922 (1984).  Nothing in the record indicates that Jessen knew or would have known that information in the warrant application was false such that the issuing judge would have been misled or that the issuing judge "wholly abandoned [their] judicial role." *Id.* at 923.  Nor was the warrant so lacking in probable cause that it would be unreasonable for officers to rely on it.  *Id.*  Thus, the Magistrate Judge did not clearly err in determining that even if the warrants were defective, the physical evidence obtained need not be suppressed.

*     *     *

The Magistrate Judge's recommendations regarding Stucky's motion to suppress physical evidence obtained as a result of the search warrants at the Acker Street and Charles Avenue properties were not clearly erroneous because the warrants were based upon probable cause and, in any event, the evidence obtained is admissible under the good faith exception.

## CONCLUSION

Reviewing the Magistrate Judge's conclusions for clear error, the Court found none and accordingly, will overrule Stucky's objections, adopt the R&R, and deny Stucky's motions to suppress.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objection to the Report and Recommendation [Docket No. 46] is **OVERRULED**;

2. The Report and Recommendation [Docket No. 45] is **ADOPTED**;

3. Defendants Motions to Suppress [Docket Nos. 29, 30, and 31] are **DENIED as moot**; and

4. Defendant's Second Motion to Suppress [Docket No. 42] is **DENIED**.

DATED:  September 16, 2024                    _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                        United States District Judge